```
              THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY
```

GERALD KEVIN CASEY,

                   Plaintiff,

                                Civil No. 13-5657(NLH)

v.

                                **OPINION**

COMMISSIONER OF SOCIAL
SECURITY,

                   Defendant.

**APPEARANCES:**

GERALD KEVIN CASEY
203 WEBSTER STREET
CINNAMINSON, NJ 08077

    Appearing pro se

AMANDA LOCKSHIN
SOCIAL SECURITY ADMINISTRATION
OFFICE OF THE GENERAL COUNSEL
26 FEDERAL PLAZA
ROOM 3904
NEW YORK, NY 10278

    On behalf of Defendant

**HILLMAN**, District Judge

    This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding Plaintiff's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("Social Security benefits") under Title II and Title XVI of the Social Security Act.  42 U.S.C. § 401, et seq.  Defendant has

moved to dismiss Plaintiff's complaint for lack of subject matter jurisdiction.  Plaintiff has not opposed Defendant's motion.

## I.   BACKGROUND AND PROCEDURAL HISTORY

On December 23, 2009, Plaintiff filed an application for DIB.  Plaintiff's application was denied by notice dated May 15, 2010.  The notice stated that the agency had determined that Plaintiff's condition was not disabling on any date through March 31, 2009, the date on which Plaintiff was last insured as required to receive DIB.  The notice also explained that Plaintiff had sixty days to request a hearing before an ALJ if he disagreed with the decision.  Plaintiff did not appeal from this determination, and it became the final decision on the issue of Plaintiff's disability prior to March 31, 2009.

Plaintiff filed a subsequent application for DIB on December 6, 2010, which was denied on April 26, 2011.  Plaintiff requested a hearing before an ALJ.  On December 28, 2011, the ALJ issued an order dismissing Plaintiff's request after determining that administrative res judicata applied.  Plaintiff sought Appeals Council review of this determination, and the Appeals Council denied Plaintiff's request on August 29, 2012.

2

Plaintiff filed this civil action on September 23, 2013. He also continued to ask the Appeals Council to vacate the August 29, 2012 denial of his request for review.  On November 13, 2013, in response to subsequent mailings from Plaintiff, the Appeals Council declined to vacate its denial of the request for review, and noted that Plaintiff did not have the right to court review of the denial of his request for reopening.

**II.  DISCUSSION**

In claims arising under the Social Security Act, judicial review is permitted only in accordance with sections 205(g) and (h) of the Social Security Act, 42 U.S.C. §§ 405(g) and (h). The first sentence of section 405(g) provides that:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g).  Section 405(h) further states that:

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h).  Any judicial review of an action arising

under the Social Security Act is available only to the extent that the Act provides.  Shalala v. Illinois Council on Long Term Care, Inc., 529 U.S. 1, 10-15 (2000); Heckler v. Ringer, 466 U.S. 602, 614-16 (1984).

It is well settled that federal courts lack jurisdiction to review the Commissioner's discretionary decision to decline to reopen a prior application or to deny a subsequent application on res judicata grounds.  Tobak v. Apfel, 195 F.3d 183, 187 (3d Cir. 1999) (citing Califano v. Sanders, 430 U.S. 99, 107-09 (1977)).  As the Supreme Court explained in Sanders, because an administrative decision declining to reopen a prior claim or denying a subsequent claim on res judicata grounds does not require a hearing, it is not a "final decision . . . made after a hearing" as required for jurisdiction under § 205(g) of the Act.  Id.

In this case, no appealable final decision was made when the Appeals Council determined not to reopen Plaintiff's claim on res judicata grounds, or when it dismissed Plaintiff's request for a hearing.  This Court therefore lacks subject matter jurisdiction under 42 U.S.C. §§ 405(g) and (h) to hear Plaintiff's case.

**III. Conclusion**

    For the reasons expressed above, Plaintiff's complaint must be dismissed for lack of subject matter jurisdiction.  An accompanying Order will be issued.


Date: October 16, 2015              s/ Noel L. Hillman
At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.

5